IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |
|---|---|
| ADONAI A. VELASQUEZ, appearing *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL SHARP, <br><br> Defendant. | Civil No. 23-1826 (RMB/AMD) <br><br> **MEMORANDUM OPINION AND ORDER** |

**BUMB**, Chief District Judge:

This matter comes before the Court upon the filing of a complaint and application to proceed in forma pauperis ("IFP") by Plaintiff Adonai A. Velasquez (hereafter, "Plaintiff"). [Docket No. 1 (hereafter, "Complaint").] For the reasons set forth herein, the Court will grant Plaintiff's IFP application, but the Complaint will be **DISMISSED WITHOUT PREJUDICE**.

**I. BACKGROUND**

Plaintiff brings this suit based on interactions with Michael A. Sharp, who worked as a security guard at the City of Bridgeton Social Security Administration Building. [Docket No. 1-1, at 1.] When he visited the building in February 2020, Mr. Sharp allegedly asked Plaintiff if he was wearing a face mask. [*Id.*] Plaintiff was not and alleges that when he answered "NO," Mr. Sharp's "right arm suddenly struck down at my right hand and arm [and] shoved it out of [the] L.E.D. Touch Screen Device" that he had been using to conduct business. [*Id.*] Mr. Sharp then physically blocked the device with his body so that Plaintiff

could no longer use it. [*Id.*] Mr. Sharp called the police while Plaintiff tried to figure out his name from other social security employees in the building. [*Id.* at 2.] A woman named Mr. Cresco allegedly told Plaintiff that the guard was not affiliated with the administration and reiterated to him that he needed to leave for not wearing a face mask. [*Id.*]

Plaintiff's Complaint also describes two unrelated events from March 2023. First, Plaintiff was told by a security guard to leave the U.S. Mitchell Cohen Federal Building and Courthouse while eating a pizza on the front steps. [Docket No. 1-2.] Second, Plaintiff was allegedly the victim of identity theft. [Docket No. 1-3.] Plaintiff does not provide any basis to explain how these later events implicate Mr. Sharp as a defendant in any way.

## II. LEGAL STANDARDS

### A. IFP Application

When a non-prisoner seeks permission to proceed IFP under 28 U.S.C. § 1915, the applicant must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, Civ. No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

### B. *Sua Sponte* Dismissal

Once an application to proceed IFP has been granted, the Court is required to screen the Complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In fact, the

Federal Rules of Civil Procedure require the Court to dismiss any claim, prior to service, that fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

Federal Rule of Civil Procedure 8(a) sets forth the pleading standards and requirements that the Complaint must satisfy:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Thus, to survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening the Complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of Section 1915(e)(2), the former Section 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A determination of "maliciousness" requires a subjective inquiry into the litigants motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Id.* at 1086.

### III. ANALYSIS

#### A. IFP Application

Plaintiff qualifies for permission to proceed IFP. In his affidavit, Plaintiff indicates that he has been homeless since July 2014, has no assets, and has no source of monthly income. [Docket No. 1-5.] Upon review, the Court finds that Plaintiff established that he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

#### B. Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted

The facts alleged by Plaintiff in the Complaint fail to state any viable claim upon which relief may be granted by this Court. As an initial matter, Plaintiff erroneously pleads that Mr. Sharp is a U.S. Government Defendant and provides no other basis for this Court's federal subject matter jurisdiction. Plaintiff has not alleged any cause of action, let alone a federal cause of action, or any facts that would satisfy the Court that is subject matter jurisdiction based on diversity of citizenship. Further, the physical assault alleged by Plaintiff sounds in state tort law only absent additional facts. None of Plaintiff's other allegations – entering a government building without a face mask during the height of the

COVID-19 pandemic, eating a pizza on courthouse steps, and conclusory allegations of identity theft – state a viable claim for relief, either. Although *pro se* litigants are held to less rigorous pleading standards, they must still plead sufficient facts showing entitlement to relief. The Court also notes that Plaintiff has left blank the section of the Complaint that asks him to describe the injury he sustained, and the relief he requests is merely to "inform the proper channel, ask to have [Mr. Sharp] removed from said post/building and if need be 're-signed.'" [Complaint at 4.] However, the Court does not have any authority to alter Mr. Sharp's employment or contracting status with the Social Security Administration.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, **IT IS** on this **5th** day of **April 2023**, hereby

**ORDERED** that Plaintiff's IFP Application [Docket No. 1-5] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); Plaintiff may move to reopen his case within 30 days from the date of this Order, attaching to any such motion a proposed Amended Complaint which addresses the deficiencies of the original Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular U.S. mail and **CLOSE THIS CASE**.

                                                                  s/Renée Marie Bumb
                                                                  Renée Marie Bumb
                                                                  Chief District Judge